IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SULYAMAN AL ISLAM WA SALAAM, )
)
Plaintiff, )
)
v. ) 1:12CV962
)
SHEP JONES, et al., )
)
Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff admits in the Complaint that he has not fully exhausted available administrative remedies as to those claims that address conditions where he is housed. He states that he has filed inmate grievances, but that he has not yet received a response. (Docket Entry 2, § III.) Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the complaint, and Plaintiff has had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). The Court finds that any stated reasons do not excuse Plaintiff from the exhaustion requirement. Plaintiff must wait until he exhausts his claims to bring them in this Court.

2. Plaintiff fails to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

3.  Plaintiff's claims and request for relief are largely incomprehensible. They consist of a laundry list of claims against a range of officials. Some have to do with his arrest and prosecution, while others concern jail conditions. The claims consist of scattered words and phrases mixed at times with legal jargon. However, they do not set out any claim to which a defendant could respond. Plaintiff must set out his claims carefully in plain wording so that this Court and any possible defendant can understand them. Plaintiff also appears to want this Court to intervene in or interfere with an ongoing state criminal case against him. This is ordinarily not proper. Persons facing state charges must typically resolve their issues with the prosecution in state court.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: August 27, 2012